**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 9 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-50062 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00390-VAP-1 |
| v. | |
| JOSE LOZA, AKA Big Head, AKA C, AKA Cartune, AKA Gordy, AKA JC, AKA Joey, AKA Joseph, AKA Jose Luis Loza, AKA P, AKA Pumpkin, AKA Pumpkin Head, AKA Toons, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief District Judge, Presiding

Submitted August 3, 2022[**]
Pasadena, California

Before: SILER,[***] CALLAHAN, and H. THOMAS, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Jose Luis Loza ("Defendant-Appellant" or "Loza") raises two issues on appeal from a jury trial verdict where he was found guilty of fourteen counts. Loza's indictment on these charges arose out of his involvement with the Canta Ranas gang and the Mexican Mafia, a charged racketeering enterprise connecting the two, and a public shootout at the intersection of these activities that resulted in deaths and injury.

Before trial, Loza filed a motion to sever seven of the counts on the basis that the charged racketeering enterprise was separate from the Mexican Mafia. Loza argued that the shooting charges and the racketeering charges were separate incidences and not part of a "common scheme or plan." Loza also filed a motion to compel the government to grant immunity to defense witnesses on the basis that these witnesses would provide relevant testimony to the shooting that would "directly contradict[]" testimony from government witnesses. The district court denied both motions.

1. Loza argues the indictment was constructively amended at trial. When a constructive amendment or fatal variance claim is raised for the first time on appeal, we review it for plain error. *See United States v. Ward*, 747 F.3d. 1184, 1188 (9th Cir. 2014). Under plain-error review, the defendant bears the burden of demonstrating prejudice. *United States v. Olano*, 507 U.S. 725, 734 (1993).

Constructive amendment "occurs when the charging terms of the indictment are altered, either literally or in effect, by the prosecutor or a court after the grand jury has last passed on them." *United States v. Adamson*, 291 F.3d 606, 614 (9th Cir. 2002) (internal quotation marks and citation omitted). This court recognizes two ways that constructive amendment of an indictment occurs. *Id.* at 615. First, if "there is a complex of facts presented at trial distinctly different from those set forth in the charging instrument" then a constructive amendment of an indictment may be found. *Id.* Second, if "the crime charged in the indictment was substantially altered at trial, so that it was impossible to know whether the grand jury would have indicted for the crime actually proved." *Id.*

Here, the indictment alleged that Loza led "street-based operations" for the Canta Ranas gang, that he was a member of the Mexican Mafia, and that a racketeering enterprise existed consisting of the Canta Ranas gang members and associates comprised of Mexican Mafia members. Testimony regarding this nexus of Loza, the Canta Ranas gang, and the Mexican Mafia was offered at trial.

Similarly, the indictment alleged that the Mexican Mafia, as part of the enterprise, was able to control criminal activities inside and outside of prison, particular through street gangs, like Canta Ranas. This assertion was presented again through testimony at trial. Both the indictment and the evidence at trial detailed how Loza became a Mexican Mafia member and then carried out his

duties within the Canta Ranas gang while also taking instruction from the Mexican Mafia on where to direct acts of violence. The facts presented in the indictment were not distinctly different from those presented at trial. Accordingly, Loza's constructive argument fails.

Loza makes the same argument in his variance claim as he does for constructive amendment. For the same reason discussed above, Loza's variance argument fails. Moreover, he has not demonstrated that the alleged variance was prejudicial and "affected [his] substantial rights" as required by this court. *See United States v. Von Stoll*, 726 F.2d 584, 587 (9th Cir. 1984)

2. Next, Loza argues that immunity was "effectively" granted to two government witnesses. Loza contends that this "effective[]" immunity should have required the court to compel immunity for defense witness Antonio Giron. Courts are "extremely hesitant" to compel witness immunity because it "intrude[s] on the Executive's discretion to decide whom to prosecute." *United States v. Straub*, 538 F.3d 1147, 1166 (9th Cir. 2008). However, immunity may be compelled if a defendant can show the prosecution granted immunity to one or more government witnesses but denied immunity to a defense witness that would have provided testimony that "directly contradicted that of the government witness, with the effect of so distorting the fact-finding process that the defendant was denied his due process right to a fundamentally fair trial." *Id*. at 1162.

4

The government did not grant formal immunity to a government witness, which Loza concedes. Moreover, the government witnesses that Loza contends received effective immunity did not offer testimony that directly contradicted that offered by defense witness Giron. The fact-finding process was not distorted.

AFFIRMED.